STATE OF WEST VIRGINIA

*v.*

COLEMAN MYERS

(No. 13896)

Decided July 11, 1978.

*James H. Wolverton* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Pamela Dawn Tarr,* Assistant Attorney General, for defendant in error.

CAPLAN, CHIEF JUSTICE:

On this appeal we are again confronted with what has come to be known as the reversible "Mullaney—Pendry"

instruction, which this Court has found objectionable and which, on several occasions, has caused reversal. Once again, we are compelled to reverse.

Coleman Myers was indicted by a grand jury serving the Circuit Court of Webster County, the charge being that of breaking and entering with intent to steal, take and carry away the goods and chattels of one Ula B. Carpenter. Upon trial before a jury he was found "guilty as charged in the indictment" and was sentenced to one to ten years in the penitentiary. This appeal followed.

The defendant is charged, with another, with breaking and entering a "store house" with intent to steal. He admits that he was inside the store but denies that he broke and entered or that he entered with intent to steal. He testified that he had been drinking excessively on the day in question. While he and his cousin, a co-indictee, in the latter's automobile, were driving around the area, he "went to sleep in the car." He further testified that when he "woke up, he [cousin] was carrying stuff, things out of the store in boxes and putting it in the car." He stated that he then went into the store and exclaimed to his cousin, "let's get the hell out of here."

While the defendant assigns numerous errors, the assignment relating to the giving of State's Instruction No. 7 is dispositive of this appeal. That instruction, given over the objection of the defendant, reads as follows:

> The Court instructs the jury that if you believe from the evidence in this case beyond a reasonable doubt that the defendant broke and entered the store house of Ula B. Carpenter, as charged in the indictment in this case with intent to commit larceny therein, then you should find him guilty as charged in the indictment in this case. In this connection you are further instructed that if you believe from the evidence beyond a reasonable doubt that he, the said Coleman Myers did break and enter the said store house and did commit larceny as described by the evidence in this case of the property of Ula B. Carpenter of any value whatsoever, then he is presumed to

have entered with the intent to commit larceny, and unless this presumption is negatived to the satisfaction of the jury, then you should find him guilty.

The defendant contends that this instruction erroneously permitted the jury to find *by a presumption, not by proof beyond a reasonable doubt,* that he entered the store building with the intent to commit larceny; that *intent* is a material element of the offense charged; and that it is impermissible to establish intent or any material element of an offense by a presumption. Furthermore, the defendant says that the instruction is objectionable because it required him to carry the burden of proving that he did not intend to commit larceny.

In *State v. Pendry,* ___ W. Va. ___, 227 S.E.2d 210 (1976), a case in which the defendant was charged with murder, this Court disapproved an instruction which would permit the jury to presume *intent* and *malice,* essential elements of the crime, rather than requiring them to find the existence of each element by proof beyond a reasonable doubt. In *Pendry* the jury was instructed that if it believed that the defendant shot and killed the deceased by the use of a deadly weapon, "then the presumption of the law, arising in absence of proof to the contrary, is that he intended the consequences that resulted from said use of said deadly instrument."

Rejecting this instruction, the Court said in Syllabus No. 4:

In a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged, and it is error for the court to instruct the jury in such a manner as to require it to accept a presumption as proof beyond a reasonable doubt of any material element of the crime with which the defendant is charged or as requiring the defendant either to introduce evidence to rebut the presumption or to carry the burden of proving the contrary.

In the instant case State's Instruction No. 7 informed the jury that it could presume that the defendant entered the premises with the intent to commit larceny from a finding that he did commit a larceny. It further instructed the jury that it could find the defendant guilty upon this presumption, unless it is negatived to its satisfaction. Despite the argument by able counsel for the state to the effect that a presumption of intent in a breaking and entering case differs from that in a murder case, we perceive no material distinction. Here, as in *Pendry*, an element of the crime is permitted to be supplied by a presumption, rather than by proof beyond a reasonable doubt. Certainly, since *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881, (1975) and *State v. Pendry, supra*, no essential element of a crime charged may be supplied by a presumption; nor may a defendant be required to introduce evidence to rebut the presumption or to carry the burden of proving the contrary.

In the case at bar, as in *Pendry*, the presumption is designed to relieve the state of the requirement of proving, beyond a reasonable doubt, every element of the crime charged. This is impermissible and constrains us to reverse.

The judgment of the Circuit Court of Webster County is reversed and the case is remanded for a new trial.

*Reversed.*
*New trial awarded.*